IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RENEE GUIBAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 2:17-cv-02832-SHM-tmp |
| EAST MEMPHIS HOSPITALITY, LLC d/b/a ) | |
| SWANKY'S TACO SHOP and ) | |
| THE LARRY AND JUDY MOSS FAMILY ) | |
| LIMITED PARTNERSHIP ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, RENEE GUIBAO, by and through the undersigned counsel, and files this, her First Amended Complaint against EAST MEMPHIS HOSPITALITY, LLC d/b/a SWANKY'S TACO SHOP and THE LARRY AND JUDY MOSS FAMILY PARTNERSHIP pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PROCEDURAL BACKGROUND

2. Plaintiff filed her original Complaint against Swanky's Catering, LLC and Defendant The Larry And Judy Moss Family Partnership on November 13, 2017. [Doc. 1].

3. The Larry And Judy Moss Family Partnership was served with a copy of Plaintiff's original Complaint via its appointed registered agent for service of process on November 17, 2017. [Doc. 8].

4. Swanky's Catering, LLC was served with a copy of Plaintiff's original Complaint via its appointed registered agent for service of process on November 21, 2017. [Doc. 9].

5. Swanky's Catering, LLC was named as a defendant in Plaintiff's original Complaint as the putative lessee of the Facility and Property at issue in this matter, as defined *infra*.

6. The correct lessee of the Facility and Property at issue in this matter is East Memphis Hospitality, LLC.

7. Fed. R. Civ. P. 15(a) states, that after the expiration of twenty-one (21) days after a party has served a responsive pleading:

> (2) [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

8. Plaintiff files the foregoing First Amended Complaint pursuant to leave for the purpose of removing Swanky's Catering, LLC as a named defendant, and to add East Memphis Hospitality, LLC as a defendant.

9. Plaintiff further files the foregoing First Amended Complaint for the purpose of clarifying the violations of the ADA and ADAAG asserted against Defendants.

## PARTIES

10. Plaintiff RENEE GUIBAO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Memphis, Tennessee (Shelby County).

11. Plaintiff is disabled as defined by the ADA.

12. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

13. Plaintiff uses a wheelchair for mobility purposes.

14. Defendant East Memphis Hospitality, LLC d/b/a Swanky's Taco Shop (hereinafter "EMH") is a Tennessee limited liability company that transacts business in the state of Tennessee and within this judicial district.

15. EMH may be properly served with process via its registered agent for service, to wit: Matthew T. Wilson, 850 Ridge Lake Boulevard, Suite 1, Memphis, Tennessee 38120-9452.

16. Defendant The Larry and Judy Moss Family Limited Partnership (hereinafter "Moss") is a Tennessee limited partnership that transacts business in the state of Tennessee and within this judicial district.

## FACTUAL ALLEGATIONS

17. On or about April 4, 2017, Plaintiff was a customer at "Swanky's Taco Shop," a business located at 4770 Poplar Avenue, Memphis, Tennessee, 38117 referenced herein as the "Facility."

18. EMH is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

19. EMH is also the operator of the business located in the Facility where Plaintiff was a customer, hereinafter the "Swanky's portion of the Facility."

20. Moss is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

21. Plaintiff lives in the near vicinity of the Facility and Property.

22. Plaintiff's access to the business(es) located at 4750 to 4770 Poplar Avenue, Memphis, Tennessee, 38117, Shelby County Property Appraiser's Parcel Identification No. 056004 00026 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

23. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

24. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

25. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

27. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary

          qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

30.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

31.     The Facility is a public accommodation and service establishment.

32.     The Property is a public accommodation and service establishment.

33. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

34. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

35. The Facility must be, but is not, in compliance with the ADA and ADAAG.

36. The Property must be, but is not, in compliance with the ADA and ADAAG.

37. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that

preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39. Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

40. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

41. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

 **(a)**   **ACCESSIBLE ELEMENTS**

 (i)   Accessible parking spaces on the Property are not properly located and/or distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards.

(ii) At least one accessible parking space on the Property is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(iii) There is at least one accessible parking space on the Property that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(iv) The ground surfaces of at least one accessible parking space on the Property, and at least one of the access aisles adjacent to such parking space(s), have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with sections 302 and 303 of the 2010 ADAAG standards.

(v) The accessible parking spaces on the Property most proximate to "Unit 4758" are not located on the shortest accessible route from such accessible parking spaces to the accessible entrances of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(vi) The accessible parking spaces most proximate to the Swanky's portion of the Facility have a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards, and are not level.

(vii) One or more accessible parking spaces on the Property most

proximate to the Swanky's portion of the Facility contain storm drains with slits that are wider than ½" (one half inch), in violation of section 302.3 of the 2010 ADAAG standards.

(viii) The Property lacks an accessible route from the accessible parking spaces near the Swanky's portion of the Facility to the accessible entrance of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ix) There is an excessive vertical rise at the base of the accessible ramp most proximate to the Swanky's portion of the Facility, in violation of section 303.2 of the 2010 ADAAG standards.

(x) The Swanky's portion of the Facility lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(xi) The door leading to the restroom area of the Swanky's portion of the Facility lacks a proper minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(xii) The interior of the Swanky's portion of the Facility has a take-out counter lacking any portion of such counter that has a maximum

height of 36 (thirty-six) inches from the finished floor in violation of section 904.4 of the 2010 ADAAG standards.

**(b) <u>RESTROOMS</u>**

(i) The Swanky's portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii) The accessible toilet stall doors in the restrooms in the Swanky's portion of the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards.

(iii) The accessible toilet stall doors in the restrooms in the Swanky's portion of the Facility swing into the clear floor space required by such stalls and violate section 604.8.1.2 of the 2010 ADAAG standards.

(iv) The door exiting the restrooms in the Swanky's portion of the Facility lacks a proper minimum maneuvering clearance, due to the proximity of a partition, in violation of section 404.2.4 of the 2010 ADAAG standards.

(v) The lavatories and/or sinks in the restrooms in the Swanky's portion of the Facility have exposed pipes and surfaces and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

42. The violations enumerated above may not be a complete list of the barriers,

conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

43. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

44. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

45. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

46. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

47. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

48. Upon information and good faith belief, the Facility and Property have been altered since 2010.

49. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

50. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

51. Plaintiff's requested relief serves the public interest.

52. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

53. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

54. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find EMH in violation of the ADA and ADAAG;

(b) That the Court find Moss in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation

expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 17, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (800) 238-3857, Ext. 301
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF SERVICE

This is to certify that on February 17, 2018, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the Court's CM/ECF System for the federal District Court for the Western District of Tennessee, resulting in a copy to be delivered to the following via electronic mail:

John A. Irvine, Jr.
Shea Moskovitz & McGhee
530 Oak Court Drive, Suite 355
Memphis, Tennessee 38103
jirvine@smmlawoffice.com

Robbin W. Hutton
Ford & Harrison LLP
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
rhutton@fordharrison.com

/s/Craig J. Ehrlich
Craig J. Ehrlich